Colin G. Andries
colin@slindenelson.com
SLINDE NELSON STANFORD
111 SW Fifth Avenue, Suite 1940
Portland, OR  97204
Telephone:  (503) 417-7777
Fax:  (503) 417-4250
*Of Attorneys for Defendants Jeff Cutshall and Carol Cutshall
and Gulf Systems, Inc.*

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| ALAN MOORE,<br><br>                          Plaintiff,<br><br>v.<br><br>GULF ATLANTIC PACKAGING CORP., a foreign corporation;<br>GULF SYSTEMS, INC., a foreign corporation;<br>JEFF CUTSHALL, an individual; and<br>CAROL CUTSHALL, an individual,<br><br>                          Defendants. | Case No. 3:16-cv-00886-PK<br><br>**DEFENDANTS GULF SYSTEMS, INC., JEFF CUTSHALL AND CAROL CUTSHALL'S MOTION TO DISMISS OR TRANSFER VENUE AND MEMORANDUM IN SUPPORT**<br><br>**(Pursuant to Fed. R. Civ. P. 12(b)(2) & 28 USC 1404(a)**<br><br>**Oral Argument Requested** |

## LR 7-1 CERTIFICATE

Counsel for Defendants Gulf Systems, Inc. ("Gulf Systems"), Jeff Cutshall ("Jeff") and Carol Cutshall ("Carol," collectively the "Cutshall Defendants") conferred through telephone conference with counsel for Plaintiff Alan Moore ("Moore"), regarding the subject of this motion, but the parties have been unable to resolve the dispute.

///

///

PAGE 1 –DEFENDANTS GULF SYSTEMS, INC., JEFF CUTSHALL AND CAROL CUTSHALL'S MOTION TO DISMISS OR TRANSER VENUE AND MEMORANDUM IN SUPPORT

## MOTION

In accordance with Fed R Civ P 12(b)(2) the Cutshall Defendants move to dismiss the Complaint for lack of personal jurisdiction.  In the alternative, if the motion is not granted, then pursuant to 28 USC § 1404(a), the Cutshall Defendants move to transfer the matter to the United States District Court for the Southern District of Texas. This Motion is based on the record in this case, the memorandum included below, and the declarations of Jeff and Carol.

## MEMORANDUM

### I.     Introduction

This case is premised on Moore's attempt to enforce a contract between Gulf Systems, a dissolved Texas corporation with limited assets, against any party possible. While Moore performed at least some of the contract in Oregon, Gulf Systems had limited contacts with the state of Oregon. In addition to Gulf Systems, the only Defendant that is a party to the Agreement, Moore attempts to collect against Jeff and Carol individually. Jeff, the former president of Gulf Systems, and Carol, the 73 year old sole shareholder of Gulf Systems, have never been to Oregon, nor have they taken any actions that would avail themselves of the United States District Court for the District of Oregon.

The Complaint should be dismissed against the Cutshall Defendants for lack of jurisdiction because this Court does not have general or specific jurisdiction over any of the Cutshall Defendants. None have had sufficient contacts with Oregon that approximate a physical presence such that this Court may assert general jurisdiction.  In regards to specific jurisdiction, jurisdiction over Gulf Systems would not comport with fair play and substantial justice. For Jeff and Carol, jurisdiction is even more tenuous.  They were not a party to the underlying Agreement, nor have their actions risen to the level in which they should be subject to an Oregon court.

PAGE 2 –DEFENDANTS GULF SYSTEMS, INC., JEFF CUTSHALL AND CAROL CUTSHALL'S MOTION TO DISMISS OR TRANSER VENUE AND MEMORANDUM IN SUPPORT

**SLINDE NELSON STANFORD**
111 SW Fifth Avenue, Suite 1940
Portland, OR 97204
p. 503.417.7777; f. 503.417.4250

However, in the event the Court determines jurisdiction is available for one or all of the Cutshall Defendants, then the Court should still transfer the matter to the United States District Court for the Southern District of Texas. The Southern District of Texas is where the defendants are located, has the most familiarity with the governing law of the case and as such transferring the case would be in the interest of justice.

## II.     Statement of Facts

Gulf Systems was a small corporation incorporated with the Secretary of State of Texas in August 1977 by Carol Cutshall and her husband William.[1]  Carol and William were the only Gulf Systems' shareholders until William Cutshall passed away and Carol became Gulf Systems' sole shareholder.[2]  Jeff, Carol and William's son, grew up working in various positions with Gulf Systems, and then in 2003, after his father passed away, he became president of the company.[3] Despite being president, Jeff never received any shares of stock in the company.[4]  At all times relevant to this matter Carol was the sole shareholder of Gulf Systems.[5]

By 2011, Gulf Systems was having financial difficulty and approached Arman Sarkisian ("Sarkisian") for help expanding the company.[6]  Jeff and Carol had met Sarkisian and knew he had success with other similar businesses.[7]  As such, Gulf Systems contracted with Sarkisian's business Xsys, Inc., ("Xsys"), for Sarkisian and Xsys to work as a consultant and management company for Gulf Systems.[8]

---

[1] Carol Cutshall Declaration ¶ 5, Exhibit A.

[2] Carol Cutshall Declaration ¶ 6.

[3] Jeffrey Cutshall Declaration ¶¶ 5 and 6.

[4] Jeffrey Cutshall Declaration ¶ 4.

[5] Carol Cutshall Declaration ¶ 6.

[6] Jeffrey Cutshall Declaration ¶¶ 8 and 10.

[7] Jeffrey Cutshall Declaration ¶ 9.

[8] Jeffrey Cutshall Declaration ¶ 11.

PAGE 3 –DEFENDANTS GULF SYSTEMS, INC., JEFF CUTSHALL AND CAROL CUTSHALL'S MOTION TO DISMISS OR TRANSER VENUE AND MEMORANDUM IN SUPPORT

**SLINDE NELSON STANFORD**
111 SW Fifth Avenue, Suite 1940
Portland, OR 97204
p. 503.417.7777; f. 503.417.4250

As part of his plan for improving Gulf Systems, Sarkisian found Moore and offered him a salesperson position.[9] Moore's territory would include the state of Oregon and some of Washington. Sarkisian, as a consultant for Gulf Systems, met and negotiated with Moore, and then drafted the contract on behalf of Gulf Systems.[10] Once the contract was agreed upon, Sarkisian circulated the contract to Moore and Jeff for execution.[11] The agreement was executed by Jeff on January 15, 2011 and January 10, 2011 by Moore (the "Agreement").[12]

Throughout the recruitment of Moore, Jeff and Carol never visited Oregon or made any other contact with Oregon other than Jeff's execution of the Agreement.[13] As of the filing of this motion, neither Jeff nor Carol have ever been to Oregon whether in relation to the Agreement, Gulf Systems work or otherwise.[14]

As part of the Agreement, Moore agreed to be subject to the laws of the State of Texas.[15] Despite the promises and allure of Sarkisian's past successes, over the next few years following Moore's execution of the Agreement, Gulf Systems began to endure further hardships. In March 2014, Gulf Systems entered into an affiliation arrangement with Gulf Packaging, Inc., a Texas corporation ("Gulf Packaging").[16] Through the affiliation agreement Gulf Systems and Gulf Packaging attempted to combine their resources to endure and come through the previous hardships.[17]

---

[9] Jeffrey Cutshall Declaration ¶¶ 12 and 13.

[10] Jeffrey Cutshall Declaration ¶ 14.

[11] Jeffrey Cutshall Declaration ¶ 15.

[12] Jeffrey Cutshall Declaration ¶ 16, Exhibit A.

[13] Jeffrey Cutshall Declaration ¶ 3, Carol Cutshall Declaration ¶ 3.

[14] Jeffrey Cutshall Declaration ¶ 3, Carol Cutshall Declaration ¶ 3.

[15] Jeffrey Cutshall Declaration ¶ 16, Exhibit A ¶ 15.

[16] Jeffrey Cutshall Declaration ¶ 18.

[17] Jeffrey Cutshall Declaration ¶ 18.

PAGE 4 –DEFENDANTS GULF SYSTEMS, INC., JEFF CUTSHALL AND CAROL CUTSHALL'S MOTION TO DISMISS OR TRANSER VENUE AND MEMORANDUM IN SUPPORT

In April 2015, Gulf Packaging filed for bankruptcy in the Northern District of Illinois.[18] On April 6, 2015, Moore was terminated from his role with Gulf Systems.[19] Subsequent to Gulf Packaging's bankruptcy filing, Gulf Systems sold some of its assets, but none of its liabilities, to Defendant Gulf Atlantic Packaging, Inc. ("Gulf Atlantic").[20]  Upon selling these assets to Gulf Atlantic, Gulf Systems paid some creditors but never made any distributions to either Jeff or Carol.[21] After the sale to Gulf Packaging, Gulf Systems stopped doing business and on May 13, 2016 the Secretary of State for the State of Texas forfeited Gulf Systems' charter.[22]

### III.    Motion To Dismiss – Lack Of Jurisdiction

**A) Legal Standard**

In a motion to dismiss for a lack of personal jurisdiction, the plaintiff bears the burden of establishing jurisdiction over a defendant. *Boschetto v. Hansing*, 549 F.3d 1011, 1015 (9th Cir 2008). "When no federal statute governs personal jurisdiction, the district court applies the law of the forum state." *Id* (citing *Panavision Int'l L.P. v. Toeppen*, 141 F.3d 1316, 1320 (9th Cir 1998)). The power of this Court to exercise personal jurisdiction over a nonresident defendant turns upon two considerations: (1) whether the applicable state statute confers personal jurisdiction, and (2) whether the assertion of that jurisdiction does not violate due process. *Witt Co. v. RISO, Inc.*, 948 F Supp 2d 1227, 1248 (D Or 2013) (citing *Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1155 (9th Cir 2006)).

Because Oregon's long-arm statute confers jurisdiction to the extent permitted by due process, the jurisdictional analysis under the state statute and the due process principles collapses

---

[18] Jeffrey Cutshall Declaration ¶ 19.

[19] Jeffrey Cutshall Declaration ¶ 20.

[20] Jeffrey Cutshall Declaration ¶ 21.

[21] Jeffrey Cutshall Declaration ¶ 22.

[22] Jeffrey Cutshall Declaration ¶ 25, Exhibit B.

PAGE 5 –DEFENDANTS GULF SYSTEMS, INC., JEFF CUTSHALL AND CAROL CUTSHALL'S MOTION TO DISMISS OR TRANSER VENUE AND MEMORANDUM IN SUPPORT

**SLINDE NELSON STANFORD**
111 SW Fifth Avenue, Suite 1940
Portland, OR 97204
p. 503.417.7777; f. 503.417.4250

into one inquiry. ORCP 4L; *Witt Co*., 948 F Supp 2d at 1248; see also *Harris Rutsky & Co. Ins. Servs., Inc., v. Bell & Clements Ltd.*, 328 F.3d 1122, 1129 (9th Cir 2003) (when state long-arm statute reaches as far as the Due Process Clause, the court need only analyze whether the exercise of jurisdiction complies with due process). Federal due process requires that a nonresident defendant have minimum contacts with the forum state such that the exercise of personal jurisdiction does not offend "traditional notions of fair play and substantial justice." *International Shoe Co. v. Washington*, 326 US 310, 316, 66 S Ct 154, 90 L Ed 95 (1945). There are two forms of personal jurisdiction that a forum state may exercise over a nonresident defendant – general jurisdiction and specific jurisdiction. *Boschetto*, F.3d at 1016.

Moore has not set forth any facts that would satisfy its burden of establishing either general or specific personal jurisdiction, and conversely, the Jeff and Carol declarations conclusively demonstrate a lack of any basis for the exercise of personal jurisdiction over the Cutshall Defendants.

### 1) General Jurisdiction

In order to exercise general jurisdiction over a nonresident defendant, the defendant must engage in contacts with the forum state that "are so 'continuous and systematic' as to render them essentially at home in the forum State." *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 131 S Ct 2846, 2851, 180 L Ed 796 (2011). The standard for achieving general jurisdiction is purposely set extremely high because it allows a defendant to be brought into that specific court to answer for activities that took place anywhere in the world. *Schwarzenegger v. Fred Martin Motor Company*, 374 F.3d 797, 801 (9th Cir 2004). As such, "[f]or an individual, the paradigm forum for the exercise of general jurisdiction is the individual's domicile; for a corporation, it is an equivalent place, one in which the corporation is fairly regarded as at home." *Goodyear*, 131 S Ct 2853-2854 (citing *Brilmayer et al.*, A General Look at General Jurisdiction, 66 L.Rev. 721,

PAGE 6 –DEFENDANTS GULF SYSTEMS, INC., JEFF CUTSHALL AND CAROL CUTSHALL'S MOTION TO DISMISS OR TRANSER VENUE AND MEMORANDUM IN SUPPORT

**SLINDE NELSON STANFORD**
111 SW Fifth Avenue, Suite 1940
Portland, OR 97204
p. 503.417.7777; f. 503.417.4250

728 (1988)). "With respect to a corporation, the place of incorporation and principal place of business are [paradigm] bases for general jurisdiction.'" *Daimler AG v. Bauman*, 134 S Ct 746, 760, 187 L Ed 2d 624 (2014) (quoting *Brilmayer* at 735).

### 2) Specific Jurisdiction

In contrast to general jurisdiction, which permits jurisdiction over a defendant for any matter, specific jurisdiction relates to a specific controversy. To exercise specific jurisdiction over a nonresident defendant, the controversy must be sufficiently related to or arise out of the defendant's contact with the forum state. *Helicopteros Nacionales de Columbia, S.A. v. Hall*, 466 US 408, 414 n 8, 104 S Ct 1868, 80 L Ed 2d 404 (1984). The Ninth Circuit has established a three-prong analysis for assessing claims of specific jurisdiction:

> "(1) The non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws;
> (2) the claim must be one which arises out of or relates to the nonresident defendant's forum-related activities; and
> (3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable." *Schwarzenegger*, 374 F.3d at 802.

The plaintiff bears the burden of satisfying prongs one and two of the test. *Id.* If the plaintiff fails on either prong, then the jurisdictional inquiry ends and personal jurisdiction is not established in the forum state. *Id*. However, if the plaintiff can satisfy both prongs, then the burden "shifts to the defendant to 'present a compelling case' that the exercise of jurisdiction would not be reasonable." *Id* (citing *Burger King Corp. v. Rudzewicz*, 471 US 462, 476-78, 105 S Ct 2174, 85 L Ed 2d 528 (1985)).

If the plaintiff overcomes the burden of the first two prongs of the specific jurisdiction test, then courts in the Ninth Circuit consider seven factors to determine reasonableness: (1) the extent of a defendant's purposeful injection into the forum, (2) the burden on the defendant in defending in the forum, (3) the extent of conflict with the sovereignty of the defendant's state,

PAGE 7 –DEFENDANTS GULF SYSTEMS, INC., JEFF CUTSHALL AND CAROL CUTSHALL'S MOTION TO DISMISS OR TRANSER VENUE AND MEMORANDUM IN SUPPORT

**SLINDE NELSON STANFORD**
111 SW Fifth Avenue, Suite 1940
Portland, OR 97204
p. 503.417.7777; f. 503.417.4250

(4) the forum state's interest in adjudicating the dispute, (5) the most efficient judicial resolution of the controversy, (6) the importance of the forum to the plaintiff's interest in convenient and effective relief, and (7) the existence of an alternative forum. *Harris Rutsky & Co. Insurance Services, Inc., v. Bell & Clements Limited,* 328 F.3d 1122, 1132 (9th Cir 2003). None of the seven factors is meant to be dispositive, but rather all are meant to be balanced. *Id.*

**B)  Jurisdiction over Gulf Systems**

As previously stated, the first inquiry into determining the Court's jurisdiction of this Court is whether general jurisdiction extends to Gulf Systems. In this case, Moore cannot meet the exacting standard required by *Goodyear*. Gulf Systems, although dissolved by now, was incorporated and maintained its principle place of business in Texas. Further, Gulf Systems has not maintained the "continuous and systematic" contacts with Oregon to overcome the fact that it is incorporated in Texas. Gulf Systems maintained one salesperson, Moore, in Oregon during its 38 years as an active corporation. Additionally, Moore does not allege any facts that establish any substantial, systematic or continuous contact between Gulf Systems and Oregon that Gulf Systems can be deemed to be "present" in this forum for all purposes, not just this matter, and would support the exercise of general jurisdiction over Gulf Systems.

In regards to specific jurisdiction, Gulf Systems concedes that Moore could meet the burden of the first two prongs. Notably that Gulf Systems did enter into a contract for Moore to perform services in Oregon, and the claim alleged by Moore directly relates to and arises out of this contract.

However, the seven part balancing test set forth in *Harris Rutsky* balances in favor of Gulf Systems and therefore Gulf Systems should not be subject to the Court's jurisdiction. While the Court may find that Gulf Systems purposefully interjected itself into the forum state by entering into the Agreement, this first of seven factors is meant to be balanced equally against

PAGE 8 –DEFENDANTS GULF SYSTEMS, INC., JEFF CUTSHALL AND CAROL CUTSHALL'S MOTION TO DISMISS OR TRANSER VENUE AND MEMORANDUM IN SUPPORT

**SLINDE NELSON STANFORD**
111 SW Fifth Avenue, Suite 1940
Portland, OR 97204
p. 503.417.7777; f. 503.417.4250

the remaining six factors. *Id.*

The second factor, relating to the burden on the defendant, heavily ways in favor of Gulf Systems. Gulf Systems is a dissolved entity with limited assets at this time. Therefore defending itself in a venue over 2,000 miles away from its former principle place of business and state of incorporation, is a considerable hardship. Further, to the extent it can defend itself, the former sole shareholder is 73 years old with considerable medical issues making it difficult to travel to defend the company.[23]

The third factor is effectively neutral as there is limited to no conflict with the sovereignty of Texas. While Oregon may have an interest in adjudicating a case involving a potential employee in Oregon, the Agreement did consider Texas as the choice of law.[24]  As such the Texas courts would likely have an interest in (a) upholding and interpreting its own laws and (b) adjudicating a matter involving a Texas corporation and Texas citizens.

Additionally, the fifth factor, regarding the most efficient judicial resolution of the controversy would likely weigh in favor of Gulf Systems. In this case, except for Moore, the remaining parties and witnesses will be found outside of Oregon. Further, given the choice of law provision, Texas courts are better prepared to interpret the law of its jurisdiction.

Finally, the sixth and seventh factors are often considered together. *Core-Vent Corp. v. Nobel Indus. AB*, 11 F.3d 1487, 1490 (9th Cir 1993). The Ninth Circuit has held that, "[n]either the Supreme Court nor our court has given much weight to inconvenience to the plaintiff." *Id.* However, there is clearly another forum available to litigate this matter as Gulf Systems, as well as Jeff and Carol, are available in the Southern District of Texas.

---

[23] Carol Cutshall Declaration ¶ 4.

[24] Jeffrey Cutshall Declaration ¶ 16, Exhibit A ¶ 15.

SLINDE NELSON STANFORD
111 SW Fifth Avenue, Suite 1940
Portland, OR 97204
p. 503.417.7777; f. 503.417.4250

Therefore, based on the totality of the factors in the reasonableness test, permitting jurisdiction against Gulf Systems in the current forum would not comport with fair play and substantial justice.

### C)  Jurisdiction over Jeff and Carol

In regards to Jeff and Carol, the lack of jurisdiction against them is even more glaring. First, in the event the Court were to determine jurisdiction applies to Gulf Systems, jurisdiction must still be determined for each individual defendant by assessing each defendants' individual contacts with Oregon. *Calder v. Jones*, 104 S Ct 1482, 1487, 79 L Ed 2d 804 (1984). While the protections of a corporate entity can, in some circumstances, be ignored to apply the jurisdiction of the corporation against a director, employee or shareholder, those are only in situations in which the corporation is the "agent or alter ego of the individual defendant." *Davis v. Metro Productions Inc.*, 885 F.2d 515, 520 (9th Cir 1989). This is not that case. The Complaint alleges no facts to imply Jeff and Carol are the alter ego of Gulf Systems. Instead the Complaint simply alleges Jeff to be President and a primary shareholder, which is incorrect, as stated above he was never a shareholder, and Carol to be a shareholder. These facts alone are not enough to pierce the corporate veil and apply the jurisdictional test of Gulf Systems to Jeff and Carol.

Therefore, as stated above, the Court must separately assess each individual's contacts with Oregon to determine personal jurisdiction over Jeff and Carol.  In regards to general jurisdiction, Moore cannot meet the exacting standard required.  First, both Jeff and Carol are residents of Texas and they have never been to Oregon.  Further, even though Jeff executed the Agreement on behalf of Gulf Systems, all other actions, including negotiating and drafting were done by a third-party contracted by Gulf Systems.  Allowing general jurisdiction over Jeff and Carol would mean they are subject to this Court's jurisdiction, for all actions, not just this matter.

PAGE 10 –DEFENDANTS GULF SYSTEMS, INC., JEFF CUTSHALL AND CAROL CUTSHALL'S MOTION TO DISMISS OR TRANSER VENUE AND MEMORANDUM IN SUPPORT

That would be a severe act of overreaching by the court.  Therefore, the Court should not extend general jurisdiction to Jeff and Carol.

In regards to specific jurisdiction, once again, Moore cannot meet its burden. Unlike with Gulf Systems, based on the facts alleged in the Complaint and those provided in the declarations of Jeff and Carol, Moore cannot satisfy the burden of either of the first two prongs of the specific jurisdiction analysis.

First, there is no evidence of Jeff or Carol purposefully availing themselves with the forum. The sole evidence is the Agreement executed by Jeff on behalf of Gulf Systems. Neither Jeff nor Carol visited Oregon for this Agreement. In fact a third party took all of the actions on behalf of Gulf Systems.  Gulf Systems is not Jeff or Carol.  Gulf Systems actions cannot be applied to Jeff or Carol.  If the parties are kept separate then it is clear they did not avail themselves of Oregon's courts.  Therefore the analysis must stop there.

However, if the Court could find either of them availed themselves of the forum and that the claim arose out of Jeff or Carol's forum related activities, then the balancing test would still clearly weigh in favor of not permitting jurisdiction. First, any interjection into Oregon would have been for the incredibly limited purpose of executing an Agreement on behalf of Gulf Systems. Similarly, the analysis of reasonableness would significantly weigh in favor of Jeff and Carol in regards to the burden that would be placed on them to defend in Oregon. Carol is 73 years old with considerable medical issues that make travelling very difficult.[25]  She would struggle with traveling to and from Oregon for the various activities necessary in litigation. Further, while in better health than Carol, the financial burden on Jeff to travel and defend himself in Oregon for claims related to a defunct company would be significant.

---

[25] Carol Cutshall Declaration ¶ 4.

PAGE 11 –DEFENDANTS GULF SYSTEMS, INC., JEFF CUTSHALL AND CAROL CUTSHALL'S MOTION TO DISMISS OR TRANSER VENUE AND MEMORANDUM IN SUPPORT

While the third factor is essentially neutral, to the extent Oregon has an interest in adjudicating the matter, as stated previously with regards to Gulf System, Texas would have a similar interest in adjudicating a matter with their citizens involved. Finally, as stated above in Gulf Systems, the sixth and seventh factors would weigh in favor of Jeff and Carol especially considering there is another venue available to Moore.

Therefore for all the reasons listed above, jurisdiction should not be extended to Jeff and Carol as permitting the case to move forward would be incredibly unreasonable and offend the principles of fair play and justice.

## IV.     Motion to Transfer

In the event the Court determines there is jurisdiction over all defendants, pursuant to Section 1404(a) of Title 28, "for the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." In applying § 1404(a) the court engages in a two part inquiry: "First, the Court determines whether the action could have been brought in the transferee court. Second, the Court considers whether 'the transfer 'will enhance the convenience of the parties and witnesses, and is in the interests of justice.'" *Lee v. Corrections Corporation of America,* 525 F. Supp.2d 1238, 1243-44 (D. Hawaii 2007) (citing *Robinson Corp. v. Auto-Owners Ins. Co.*, 304 F.Supp.2d 1232, 1243 (D. Hawaii 2003).

First, the Cutshall Defendants would stipulate that the matter could be brought in the Southern District of Texas where they reside.[26]

Second, in measuring a motion to transfer a case, the Court must look at eight (8) factors, which include: "1) the location where the relevant agreements were negotiated and executed, 2)

---

[26] Jeffrey Cutshall Declaration ¶ 2. Carol Cutshall Declaration ¶ 2.

PAGE 12 –DEFENDANTS GULF SYSTEMS, INC., JEFF CUTSHALL AND CAROL CUTSHALL'S MOTION TO DISMISS OR TRANSER VENUE AND MEMORANDUM IN SUPPORT

the state that is most familiar with the governing law, 3) the plaintiff's choice of forum, 4) the respective parties' contacts with the forum, 5) the contracts relating to the plaintiff's cause of action in the chosen forum, 6) the differences in the costs of litigation in the two forums, 7) the availability of compulsory process to compel attendance of unwilling non-party witnesses, and 8) the ease of access to sources of proof." *Id* at 1243.

Here the factors balance toward transferring the case to the Southern District of Texas. While the Agreement was executed by Moore in Oregon, Gulf Systems executed the Agreement in Texas and negotiated the Agreement through a third party. Second, the choice of law provision in the Agreement enlists Texas as the choice of law, therefore Texas would be more familiar with and prepared to interpret Texas law. While Moore selected Oregon, the respective parties' contacts with the potential forums balances towards transfer. Moore executed an Agreement with a Texas corporation with a Texas choice of law provision, Jeff and Carol never availed themselves of the laws and courts of Oregon. To require them to litigate in Oregon would be unfair and unreasonable.

The differences in cost of litigation would be similar, however given that the majority of parties reside in Texas the overall costs would be cheaper if litigation was in Texas where the majority of parties reside.

In regards to the availability of compulsory process, it is too early to determine what other witnesses would need to be called during the litigation process. Finally, the ease of access to sources of proof would weigh in favor of moving the case to Texas as that is where the defendants reside, and operated their business throughout the life of the Agreement and dispute at issue. As such, most evidence will likely be more readily available in the Southern District of Texas.

Therefore in the event the Court does find jurisdiction for the Cutshall Defendants, it

PAGE 13 –DEFENDANTS GULF SYSTEMS, INC., JEFF CUTSHALL AND CAROL CUTSHALL'S MOTION TO DISMISS OR TRANSER VENUE AND MEMORANDUM IN SUPPORT

SLINDE NELSON STANFORD
111 SW Fifth Avenue, Suite 1940
Portland, OR 97204
p. 503.417.7777; f. 503.417.4250

would be in the interest of justice and efficiency to transfer the case to the Southern District of Texas.

## V.     Conclusion

In conclusion, the traditional notions of fair play and justice encourage the Court to grant this motion and deny jurisdiction for the Cutshall Defendants.  However, in the event jurisdiction is permitted, the Southern District of Texas is a more appropriate venue and the matter should be transferred.

DATED:  May 27, 2016.

SLINDE NELSON STANFORD


By: / s / Colin G. Andries
Colin G. Andries, OSB No. 051892
*Of Attorneys for Jeff Cutshall and Carol Cutshall and Gulf Systems, Inc.*

PAGE 14 –DEFENDANTS GULF SYSTEMS, INC., JEFF CUTSHALL AND CAROL CUTSHALL'S MOTION TO DISMISS OR TRANSER VENUE AND MEMORANDUM IN SUPPORT

SLINDE NELSON STANFORD
111 SW Fifth Avenue, Suite 1940
Portland, OR 97204
p. 503.417.7777; f. 503.417.4250

CERTIFICATE OF SERVICE

I hereby certify that I served the foregoing **DEFENDANT GULF SYSTEMS, INC., JEFF CUTSHALL AND CAROL CUTSHALL'S MOTION TO DISMISS OR TRANSFER VENUE AND MEMORANDUM IN SUPPORT OF** on:

Quinn E. Kuranz
The Office of Q.E. Kuranz, Attorney at Law, LLC
65 S.W. Yamhill Street, Suite 300
Portland, OR 97204
Tele: 503.757.4749
Fax: 503.200.1289
Email: quinn@kuranzlaw.com
Of Attorney for Plaintiff Alan Moore

Daniel P. Larsen
Ater Wynne, LLP
1331 NW Lovejoy Street, Suite 900
Portland, OR 97209
Tele: 503.226.1191
Fax: 503.226.0079
Email: dpl@aterwynne.com
Of Attorney for Defendant Gulf Atlantic Packaging Corp.

by the following indicated method(s):

☐   by **faxing** full, true, and correct copies thereof to said attorney to the fax number noted above, which is the last known fax number for said attorney, on the date set forth below.

☒   by **emailing** full, true, and correct copies thereof to said attorney to the email address noted above, which is the last known email address for said attorney, on the date set forth below.

☒   by notice of electronic filing using the CM/ECF system.

☐   by causing full, true and correct copies thereof to be **mailed** to the attorney(s) at the attorney(s) last-known office address(es) listed above on the date set forth below.

DATED: May 27, 2016.                    SLINDE NELSON STANFORD

By: / s / Colin G. Andries
    Colin G. Andries, OSB No. 051892
    *Of Attorneys for Jeff Cutshall and Carol Cutshall and Gulf Systems, Inc.*

Page 1 –   CERTIFICATE OF SERVICE