IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **ALAN MOORE**,<br><br>        Plaintiff,<br><br>        v.<br><br>**GULF ATLANTIC PACKAGING CORP., GULF SYSTEMS, INC., JEFF CUTSHALL, and CAROL CUTSHALL**,<br><br>        Defendants. | Case No. 3:16-cv-00886-PK<br><br>**ORDER** |

**Michael H. Simon, District Judge.**

      United States Magistrate Judge Paul Papak issued Findings and Recommendation in this case on November 29, 2016. ECF 25. Judge Papak recommended that Defendant Gulf Atlantic Packaging Corp.'s ("GAPCO") motion to dismiss (ECF 4) be denied; Defendants Gulf Systems, Inc. ("GSI") and Jeff and Carol Cutshall's motion to dismiss (ECF 6) be denied as to GSI and granted as to Jeff and Carol Cutshall; GSI and Jeff and Carol Cutshall's alternative motion to transfer (ECF 6) be denied; and Plaintiff's claims be dismissed without prejudice to the extent alleged against either Jeff or Carol Cutshall.

      Under the Federal Magistrates Act ("Act"), the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C.

PAGE 1 – ORDER

§ 636(b)(1). If a party files objections to a magistrate's findings and recommendations, "the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.*; Fed. R. Civ. P. 72(b)(3).

GAPCO timely filed an objection. ECF 27. GAPCO argues that it is not subject to personal jurisdiction in Oregon because Moore has not established a *prima facie* case that GAPCO is GSI's successor-in-interest. The Court has reviewed *de novo* those portions of Judge Papak's Findings and Recommendation to which GAPCO has objected, as well as GAPCO's objections and Plaintiff's response. The Court agrees with Judge Papak's conclusion that Plaintiff has established a *prima facie* case that GAPCO is subject to personal jurisdiction in Oregon and ADOPTS those portions of the Findings and Recommendation.

Plaintiff also timely filed an objection. ECF 28. Plaintiff argues that Jeff and Carol Cutshall are subject to personal jurisdiction in Oregon based on their own contacts with the state related to Plaintiff's claim and as alter egos of GSI. The Court has reviewed *de novo* those portions of Judge Papak's Findings and Recommendation to which Plaintiff has objected, as well as Plaintiff's objections and GSI and Jeff and Carol Cutshall's response. The Court agrees with Judge Papak's conclusion that Plaintiff has not established a *prima facie* case that Jeff and Carol Cutshall are subject to personal jurisdiction in Oregon and ADOPTS those portions of the Findings and Recommendation.

For those portions of a magistrate's findings and recommendations to which neither party has objected, the Act does not prescribe any standard of review. *See Thomas v. Arn*, 474 U.S. 140, 152 (1985) ("There is no indication that Congress, in enacting [the Act], intended to require a district judge to review a magistrate's report to which no objections are filed."); *United States. v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) (holding that the court must

PAGE 2 – ORDER

review *de novo* magistrate's findings and recommendations if objection is made, "but not otherwise"). Although in the absence of objections no review is required, the Magistrates Act "does not preclude further review by the district judge[] *sua sponte* . . . under a *de novo* or any other standard." *Thomas*, 474 U.S. at 154. Indeed, the Advisory Committee Notes to Fed. R. Civ. P. 72(b) recommend that "[w]hen no timely objection is filed," the Court review the magistrate's recommendations for "clear error on the face of the record."

For those portions of Judge Papak's Findings and Recommendation to which neither party has objected, this Court follows the recommendation of the Advisory Committee and reviews those matters for clear error on the face of the record. No such error is apparent.

The Court **ADOPTS** Judge Papak's Findings and Recommendation, ECF 25. Defendant Gulf Atlantic Packaging Corp.'s motion to dismiss (ECF 4) is DENIED. Defendants Gulf Systems, Inc. and Jeff and Carol Cutshall's motion to dismiss (ECF 6) is DENIED as to GSI and GRANTED as to Jeff and Carol Cutshall. Gulf Systems, Inc. and Jeff and Carol Cutshall's alternative motion to transfer (ECF 6) is DENIED. Plaintiff's claims are DISMISSED without prejudice to the extent alleged against either Jeff or Carol Cutshall.

**IT IS SO ORDERED.**

DATED this 9th day of February, 2017.

/s/ Michael H. Simon
Michael H. Simon
United States District Judge

PAGE 3 – ORDER